# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11CR153-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>)<br>   v. )<br>)    **ORDER**<br>HAI VAN NGUYEN and )<br>OANH THI LE, )<br>)<br>        Defendants. )<br>) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant's Motion For Release Of Funds" (Document No. 24) filed by Defendant, Hai Van Nguyen ("Defendant"), on September 30, 2011; and "Government's Response to Motion By Defendant Hai Van Nguyen For Release Of Funds" (Document No. 29) filed by the Government on October 7, 2011. The Court conducted a hearing on this matter on November 16, 2011. Having carefully reviewed the motion, the record, and applicable authority, as well as counsel's arguments at the hearing, the undersigned will deny the motion.

In short, Defendant is requesting that the Court order the return of some or all of the approximately $200,000 seized by the Government in this matter. Apart from a residence valued at approximately $122,000, Defendant claims that the Government has in essence seized all of his property, rendering him unable to pay his lawyers or to cover the cost of investigators and expert witnesses necessary for an adequate defense. Defendant specifically requests a hearing pursuant to United States v. Farmer, 274 F. 3d 800 (4th Cir. 2001), to determine whether the seizure of Defendant's assets has deprived him of his Sixth Amendment right to counsel of his

own choosing without due process. In lieu of the return of the funds, Defendant asks the Court to consider requiring the Government to accept interest in the Defendant's house as a partial substitute for the money seized from Defendant.

The law is clear, however, that a Farmer hearing is not simply available for the asking. In United States v. Wingerter, the district judge stated as follows:

> Yet, before a defendant may argue that nonforfeitable property has been restrained, he must first demonstrate that he is entitled to a hearing at which to do so. On this point, Farmer holds that due process requires that a defendant be afforded an adversarial hearing to determine whether assets have been unlawfully restrained only if he can first establish that he is "without funds to hire the attorney of his choice." Farmer, 274 F.3d at 804. If the defendant is not able to make this threshold showing, then his private interest in obtaining his counsel of choice is outweighed by the government's interests, including the government's interest in avoiding the administrative burden that an additional hearing requires. . . . If a defendant can establish this threshold showing, however, then he may request a hearing at which he will be required to prove "by a preponderance of the evidence that the government seized [nonforfeitable] assets without probable cause." Id. at 805.

United States v. Wingerter, 369 F.Supp.2d 799, 808 (E.D. Va. 2005) (citation omitted).

The threshold question, therefore, is whether Defendant is "without funds to hire the attorney of his choice." While Defendant admittedly makes the point that his retained counsel are essentially working *pro bono*, his very able counsel are in fact retained and have made a general appearance. To their credit, at the November 16, 2011 hearing in this matter, counsel for Defendant all but conceded their inability to satisfy Farmer during their oral argument. The plain fact is that, despite the Defendant's sympathetic situation, the facts of his case do not satisfy the threshold requirement for a Farmer hearing. That threshold requirement having not been met, no such hearing is warranted, and the motion must respectfully be denied.

Counsel for Defendant did press the alternative argument that the Court should order the Government to substitute an alternative res – namely, Defendant's modest home worth

approximately $122,000 – for some or all of the seized funds. Again, the basis for the request is Defendant's position that he needs funds not currently available to him to pay for investigative and expert services needed for an adequate defense, and for that matter, to pay his lawyers. Counsel for Defendant, however, cites no persuasive authority for this alternative argument, and the Court will decline Defendant's request. The Court also notes that Defendants are free to make a motion pursuant to Title 18, United States Code § 3006(A) for funds for some of these same purposes.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Release Of Funds" (Document No. 24) is hereby **DENIED**.

Signed: November 22, 2011

David C. Keesler
United States Magistrate Judge